

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

KCM:JSR
F. #2024R00854

*610 Federal Plaza
Central Islip, New York 11722*

December 11, 2024

<u>By Email and ECF</u>

Evan Sugar
Federal Defenders of New York, Inc.
770 Federal Plaza
Central Islip, NY 11722
evan_sugar@fd.org

      Re:   <u>United States v. Renee Hoberman
                Criminal Docket No. 24-463 (JS)</u>

Counsel:

      Enclosed on USAfx, please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. Specifically, the government is providing you with documents and items bates numbered **RH000001 – RH000010** via a shareable site, USA File Exchange. The government also requests reciprocal discovery from the defendant.

      **Please be advised that you must download the materials from USA File Exchange within 60 days from the date they were uploaded. The USA File Exchange is not a storage site, and the materials are automatically deleted within 60 days.**

I.    <u>The Government's Discovery</u>

| Bates Range | Description |
|---|---|
| Cellebrite Records | RH000001 |
| Records obtained from Optimum | RH000002 - RH000007 |
| Records obtained from Verizon | RH000008 - RH000010 |
| Statements made by the Defendant | RH000011 – RH000017 |
| Search Warrant | RH000018 – RH000071 |

      The government is also in possession of additional images and data obtained through a review of the devices seized from the defendant, which have not been produced

pursuant to 18 U.S.C. § 3509. You may examine this evidence, as well as any original copies of the documents identified supra, by calling me to arrange a mutually convenient time.

    A.    Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

    B.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

    C.    Brady Material

The government is not aware of any exculpatory material regarding the defendants. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

    D.    Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.    The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to

avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.  Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By: _____/s/_____
Kaitlin C. McTague
Assistant U.S. Attorney
(631) 715-7878

Enclosures

cc:  Clerk of the Court (JS) (by ECF) (without enclosures)